UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>   Plaintiff,<br><br>      v.<br><br>LIBERTY CHEVROLET, INC., a corporation, also d/b/a Bronx Honda, and<br><br>Carlo Fittanto,<br><br>   Defendants. | Case No. 20-CV-3945<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** |

      Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") in this matter, pursuant to Sections 13(b)and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) and 57b.  Defendant Carlo Fittanto has waived service of the summons and the Complaint.  The Commission and Fittanto now stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

      THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1.     This Court has jurisdiction over this matter.

2.     The Complaint charges that Fittanto participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the Truth in Lending Act ("TILA") and its implementing Regulation Z, 12 C.F.R. § 226,

and the Equal Credit Opportunity Act ("ECOA") and its implementing Regulation B, 12 C.F.R. § 202, in the advertising, sales, and financing of new and used motor vehicles.

3.  Fittanto neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Fittanto admits the facts necessary to establish jurisdiction. Fittanto does not intend that his agreement to this Order be interpreted as a waiver of his Fifth Amendment privilege.

4.  Fittanto waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear his own costs and attorney fees.

5.  Fittanto and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.  **"Buy Rate"** means the lowest interest rate at which any assignee will purchase the contract.

B.  **"Clearly and Conspicuously"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

>   1.  In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be made visually or audibly.

      2.     A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

      3.     An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

      4.     In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

      5.     The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

      6.     The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

      7.     The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

      8.     When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

C.     **"Corporate Defendant"** means Liberty Chevrolet, Inc., d/b/a Bronx Honda, and its successors and assigns.

D.     **"Defendants"** means all of the Corporate and Individual Defendants, individually, collectively, or in any combination.

E.  **"Express, Informed Consent"** means an affirmative act communicating unambiguous assent to be charged, made after receiving and in close proximity to a Clear and Conspicuous disclosure, orally and in writing, of the following:

1. what the charge is for; and

2. the amount of the charge(s), including if the charge is for a product or service: all fees and costs to be charged to the consumer over the period of repayment with and without the product or service.

F.  **"Individual Defendant"** means Carlo Fittanto.

G.  **"Settling Defendant"** means Carlo Fittanto.

## ORDER

### I. PROHIBITION AGAINST MISREPRESENTATIONS

IT IS ORDERED that Settling Defendant, Settling Defendant's officers, agents and employees and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting, advertising, marketing, offering for sale or lease, sale or lease, or servicing of motor vehicles, are permanently restrained and enjoined from misrepresenting, expressly or by implication:

A.  any purchasing, financing, or leasing term, including the following: the annual percentage rate, fees, taxes, or other charges;

B.  whether charges, products, or services are optional or required;

C.  whether charges, products, or services are authorized by consumers;

D.  whether sales tax charges are in amounts required by state and local law; and

E.      any material fact, including all material restrictions, limitations, or conditions applicable to the purchase, receipt, or use of any product or service for which a charge is incurred.

## II. OBTAINING EXPRESS INFORMED CONSENT FOR ALL CHARGES

IT IS FURTHER ORDERED that Settling Defendant, Settling Defendant's officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the sale or lease of motor vehicles, are permanently restrained and enjoined from charging a consumer without having obtained the consumer's Express, Informed Consent.

## III. INJUNCTION CONCERNING FINANCING DISCLOSURES

IT IS FURTHER ORDERED that Settling Defendant, Settling Defendant's officers, agents, employees and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with any advertisement for any extension of consumer credit in connection with the sale or lease of motor vehicles, are permanently restrained and enjoined from:

A.      Stating, expressly or by implication:

   1.   The amount or percentage of any down payment, the number of payments or period of repayment, the amount of any payment, or the amount of any finance charge, without disclosing Clearly and Conspicuously all of the following terms:

      a.   The amount or percentage of the down payment;

      b.   The terms of repayment; and

    c. The annual percentage rate, using the term "annual percentage rate" or the abbreviation "APR." If the annual percentage rate may be increased after consummation of the credit transaction, that fact must also be disclosed; or

  2. A rate of finance charge without stating the rate as an "annual percentage rate" or the abbreviation "APR," using that term; or

B. Failing to comply with Regulation Z, 12 C.F.R. Part 226, as amended, and the Truth in Lending Act, as amended, 15 U.S.C. §§ 1601-1667, a copy of which is attached (TILA).

## IV. <u>**PROHIBITION AGAINST UNLAWFUL CREDIT DISCRIMINATION**</u>

IT IS FURTHER ORDERED that Settling Defendants, Settling Defendant's officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the sale or lease of motor vehicles, are permanently restrained and enjoined from:

A. Discriminating against any credit applicant:

  1. On the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract);

  2. Because all of part of the applicant's income derives from any public assistance program; or

  3. Because the applicant has in good faith exercised any right under the Consumer Credit Protection Act, §§ 1601-1693r, a copy of which is attached; or

B.      Failing to comply with the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691-1691f, and Regulation B, 12 C.F.R. § 202, a copy of which is attached (ECOA).

## V. FAIR LENDING PROGRAM

IT IS FURTHER ORDERED that Settling Defendant, Settling Defendant's officers, agents, employees and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, shall not participate in the extension, renewal, or continuation of credit in connection with the sale or lease of motor vehicles unless they establish and implement, and thereafter maintain, a fair lending program ("Fair Lending Program") that safeguards against discrimination against credit applicants on a basis prohibited by this Order or by law.  To satisfy this requirement, Settling Defendant must, at a minimum:

A.      Designate a finance director and/or senior finance manager qualified in fair lending compliance as the fair lending compliance officer responsible for the Fair Lending Program;

B.      Ensure all employees, before engaging in the extension, renewal, or continuation of credit, and at least once every twelve (12) months, receive training from an independent qualified person or organization on the Fair Lending Program, the requirements of the ECOA, and Settling Defendant's obligations under the ECOA, and sign an acknowledgement that states that the employee: (1) completed the training, (2) had the opportunity to have questions about his or her legal responsibilities answered, and (3) understands his or her legal responsibilities not to discriminate under the federal fair lending laws;

C.  Implement and maintain written guidelines specifying the reasons for assessing or not assessing any fee or other charge and each factor Settling Defendant may consider in calculating any such charge, each of which must be objective and none of which can be discriminatory;

D.  For all retail installment sales contracts:

1. Charge an interest rate not greater than the Buy Rate;

2. Charge the same number of basis points above the Buy Rate; or

3. Charge a pre-set standard number of basis points above the Buy Rate ("Standard"), not to exceed one hundred eighty-five (185) basis points, except that: (i) if a lower Annual Percentage Rate (APR) is imposed by the assignee for the particular transaction, Settling Defendant may deviate below the Standard to match the lower APR; (ii) upon a consumer presenting a more favorable offer from another dealer or financing entity, Settling Defendant may deviate below the Standard to match the more favorable offer, provided that Settling Defendant creates and maintains a contemporaneous written record, signed by the employee to whom the consumer made the request under penalty of perjury, and certified by the Fair Lending officer, acknowledging the name of the consumer, the name of the dealer or financing entity, the APR offered, and that the consumer presented the offer to Settling Defendant; (iii) upon a consumer's request of a lower monthly payment or APR, Settling Defendant may deviate below the Standard to the extent necessary to match the requested monthly payment or APR, provided that Settling Defendant creates and

maintains a contemporaneous written acknowledgment, signed by the employee to whom the consumer made the request under penalty of perjury, and certified by the Fair Lending officer, that deviating downward from the Standard was necessary for the Settling Defendant to offer the lower monthly payment or APR requested by the consumer; and (iv) if the consumer qualifies for a manufacturer interest rate subvention program or a manufacturer employee incentive program, Settling Defendant may deviate downward from the Standard to match the rate in that program; and

    a. For any charge below the Standard, create and maintain a contemporaneous written record that explains the reason for the downward deviation and is sufficient to show that the charge complies with the rest of this Order, with dated approval from the fair lending compliance officer; and

    b. For any charge above the Buy Rate, Clearly and Conspicuously disclose before the earlier of consummation of the credit contract or obtaining the consumer's signature on the credit contract that the consumer may negotiate the APR and other consumers have received a lower rate;

E.    Promptly terminate employees engaged in discriminatory conduct or conduct that violates the Fair Lending Program or any term of Sections I through V of this Order; and

F.    For 15 years after entry of this Order, within 14 days of receiving, whether directly or indirectly, such as through a third party, a complaint of discrimination relating to a motor vehicle transaction against Settling Defendant or any of Settling Defendant's

officers, agents, or employees, submit a copy, along with any response, to the Commission pursuant to the Section titled "Compliance Reporting."

Provided, however, that nothing in this Order shall be construed as permitting any conduct that overtly, in treatment, or in effect discriminates against consumers on the basis of race, color, national origin, or any other protected characteristic or violates the ECOA or any other law.

## VI. **MONETARY JUDGMENT**

IT IS FURTHER ORDERED that:

A.  Judgment in the amount of ONE MILLION, FIVE HUNDRED THOUSAND DOLLARS ($1,500,000) is entered in favor of the Commission against Settling Defendant as equitable monetary relief.

B.  Settling Defendant is ordered to pay to the Commission ONE MILLION, FIVE HUNDRED THOUSAND DOLLARS ($1,500,000), less any amount paid by Corporate Defendant. Such payment must be made within 7 days of a demand from the FTC.

C.  Settling Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

D.  The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

E.  The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11

U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

F.     Settling Defendant Fittanto acknowledges that the Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Settling Defendant must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

G.     All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Settling Defendant's  practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Settling Defendanthas no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VII.  CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Settling Defendant, Settling Defendant's officers, agents, employees and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly failing to provide sufficient customer information to enable the Commission to

efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Settling Defendant must provide it, in the form prescribed by the Commission, within 14 days.

## VIII. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Settling Defendant obtains acknowledgments of receipt of this Order:

A.  Settling Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For 5 years after entry of this Order, Settling Defendant for any business that such Defendant, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.  From each individual or entity to which a Settling Defendant delivered a copy of this Order, Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

# IX. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Settling Defendant make timely submissions to the Commission:

A. One year after entry of this Order, Settling Defendant must submit a compliance report, sworn under penalty of perjury:

 1. Settling Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Settling Defendant; (b) identify all of Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Settling Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how Settling Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

 2. Additionally, Settling Defendant must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which Settling Defendant performs services whether as an employee or otherwise and any entity in which

    Settling Defendant has any ownership interest; and (c) describe in detail Settling Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 15 years after entry of this Order, Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

  1. Settling Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any entity that Settling Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

  2. Additionally, each Settling Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which Settling Defendant performs services whether as an employee or otherwise and any entity in which Settling Defendant has ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.	Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.	Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin: FTC v. Liberty Chevrolet, Inc.

## X. RECORDKEEPING

IT IS FURTHER ORDERED that Settling Defendant must create certain records for 15 years after entry of the Order, and retain each such record for 5 years.  Specifically, Settling Defendant for any business that such Defendant, individually or collectively with any other Defendant, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.	accounting records showing the revenues from all goods or services sold;

B.	personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.  records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response(s).  For purposes of this provision, consumer complaint(s) shall mean any written, oral, or electronic allegation, charge, claim, demand, dispute, or lawsuit concerning the subject matter of the Order;

D.  a copy of each unique advertisement or other marketing material;

E.  each employee's Fair Lending Training Acknowledgment Form; and

F.  all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

## XI. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Settling Defendant's compliance with this Order, and any failure to transfer any assets as required by this Order:

A.  Within 14 days of receipt of a written request from a representative of the Commission, Settling Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69, provided that Settling Defendant, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order for one or more of the protections set forth in Rule 26(c).

B.   For matters concerning this Order, the Commission is authorized to communicate directly with Settling Defendant.  Settling Defendant must permit representatives of the

Commission to interview any employee or other person affiliated with Settling Defendant who has agreed to such an interview, provided that Settling Defendant, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order for one or more of the protections set forth in Rule 26(c). The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Settling Defendant or any individual or entity affiliated with Settling Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Settling Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED this** 27 **day of** May **, 2020.**

*Paul A. Engelmayer*
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FEDERAL TRADE COMMISSION**

s/Katherine M. Worthman    05/21/20

Katherine M. Worthman, Attorney
Federal Trade Commission
Washington, DC 20580
202-326-2929
202-326-3768
kworthman@ftc.gov

**FOR SETTLING DEFENDANT:**

_[signature]_                                        Date: 3/19/2020
Counsel for Defendant

**SETTLING DEFENDANT: Carlo Fittanto**

_[signature]_                                        Date: 3/19/2020
Carlo Fittanto, individually